UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

MOSES PACHECO, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT PAGAN (Shield # 1098), POLICE OFFICER LANE (Shield # 31936), POLICE OFFICER NOLASCO (Shield # 22895), POLICE OFFICER ROSARIO (Shield # 27493) and POLICE OFFICER MURAD (Tax Reg # 937156),

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

JURY TRIAL DEMANDED

07 CV 4717 (RJH)

Defendants, City of New York, Sergeant Pagan, Police Officer Laine, Police Officer Nolasco, Police Officer Rosario, and Police Officer Murad by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit Sergeant Pagan, Police Officer Laine, Police Officer Nolasco, Police Officer Rosario, and Police Officer Murad are employed by the City of New York as Police Officers.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint and state that the allegations that the defendants were "acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York" and that "their acts are imputed to the City of New York and its Police Department," are conclusions of law, rather than averments of fact, to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation, that the City of New York maintains a police department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to sue defendants in their individual and official capacities.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about December 18, 2006 and was assigned Claim No. 2007PI002411.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the claim has not been paid or adjusted.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that the complaint was filed with the Court on or about June 4, 2007.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was issued a summons on or about September 20, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was asked where he was coming from.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was issued a summons on September 20, 2006.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was issued a summons for disorderly conduct.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that summons number "4247948635" was issued to plaintiff.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that Docket Number 2006SX110122 was dismissed on November 1, 2006.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiff was issued a summons on June 6, 2006.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff was issued a summons for trespass.

34. Deny the allegations set forth in paragraph "34" of the complaint, except admit that summons number "4247908789" was issued to plaintiff.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege paragraphs "1" through "36" of this answer as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege paragraphs "1" through "42" of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint, except admit that the plaintiff was issued summons numbers "4247948635" & "4247908789."

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit that summons number "4247948635" under docket number 2006SC110122 in Criminal Court, Bronx County was dismissed on November 1, 2006.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff purports to seek damages as set forth therein.

54. Paragraph "54" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege paragraphs "1" through "55" of this answer as if fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Paragraph "59" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

60. Deny the allegations set forth in paragraph "60" of the complaint, except admit that plaintiff purports to seek damages as set forth therein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendants repeat and reallege paragraphs "1" through "61" of this answer as if fully set forth herein.

63. Paragraph "63" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

64. Deny the allegations set forth in paragraph "64" of the complaint, and all subparts thereto.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

72. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

73. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

74. Any injury alleged to have been sustained, resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

75. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

76. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations period.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

78. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendants are entitled to governmental immunity from liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

79. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

80. There was probable cause and reasonable suspicion for plaintiff's stops, arrests, and detentions.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

81. Defendants, Sergeant Pagan, Police Officer Laine, Police Officer Nolasco, Police Officer Rosario, and Police Officer Murad, have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE,** defendants, City of New York, Sergeant Pagan, Police Officer Laine, Police Officer Nolasco, Police Officer Rosario, and Police Officer Murad request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 20, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants, City of New York, Sergeant Pagan, Police Officer Laine, Police Officer Nolasco, Police Officer Rosario, and Police Officer Murad
100 Church Street, Room 3-311
New York, New York 10007
(212) 788-0899

By: ______________________
Stuart E. Jacobs (SJ 8379)
Assistant Corporation Counsel
Special Federal Litigation Division

TO: Wale Mosaku, Esq. (By ECF)
Law Offices of Wale Mosaku, P.C.
Attorney for Plaintiff
25 Bond Street, Third Floor
Brooklyn, New York 11201

Index No. 07 CV 4717 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSES PACHECO, JR.,

Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT PAGAN (Shield # 1098), POLICE OFFICER LANE (Shield # 31936), POLICE OFFICER NOLASCO (Shield # 22895), POLICE OFFICER ROSARIO (Shield # 27493) and POLICE OFFICER MURAD (Tax Reg # 937156),

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Stuart E. Jacobs*
*Tel: (212) 788-0899*
*NYCLIS No. 2007-020624*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................ , *200..*

.................................................................... *Esq.*

*Attorney for* ..........................................................